**Edward K. REILLY, Plaintiff,**

v.

**B NO. 100 CORP. et al., Defendants.**

**No. 75 C 2156.**

United States District Court,
E. D. New York.

Jan. 6, 1977.

Newman & Schlau, P. C., New York City, for plaintiff.

Grainger & Tesoriero, New York City, for defendants Bouchard & B No. 100.

Fred R. Profeta, Jr., New York City, for defendants Moran.

MEMORANDUM and ORDER

PLATT, District Judge.

This is an action brought by the plaintiff seaman for injuries to his wrist. Plaintiff alleges two claims against the defendants, one in negligence and the other for unseaworthiness. Two of the defendants, Towboat Betty Moran Corporation and Moran Towing & Transportation Co., move pursuant to F.R.C.P. Rule 12(b)(6) to dismiss plaintiff's unseaworthiness claim as to them or, in the alternative, to grant partial summary judgment as to that claim under Rule 56(b).

## I

The plaintiff was a seaman employed by the B No. 100 Corp. On January 23, 1975, plaintiff was working on the barge B No. 75 which was tied up alongside the tanker GEM STAR in order to receive liquid cargo from that tanker. Defendant, Bouchard Transportation Company, which had chartered the barge, had arranged for the tug EUGENIA MORAN to tow B No. 75 to Port Jefferson, New York, when the barge was finished receiving cargo from the GEM STAR. When that time arrived, the tug EUGENIA MORAN was made fast to a "notch" at the stern of the barge. A deckhand from the tug then came aboard the barge to assist in letting go of the lines holding the barge to the GEM STAR. The plaintiff was to assist the deckhand from the tug in letting go those lines.

The deckhand had a walkie talkie with him in order to communicate with the captain of the tug while the deckhand and the plaintiff cast off the lines. The two of them proceeded up the barge casting off each line in sequence, until only the bow lines connecting the barge with the GEM STAR were left. The deckhand took the starboard line and the plaintiff took the port line. It is the plaintiff's claim that while he was releasing his line the tug improperly maneuvered astern, causing the line to jump off the bitts and hit him in the wrist.

## II

Under the facts described above the plaintiff alleges two claims, one for negligence and one for unseaworthiness against various defendants. Two of those defendants, the owners and operators of the EUGENIA MORAN, move to dismiss the second claim. This is their second such motion. This Court on July 23, 1976, dismissed plaintiff's original claim of unseaworthiness against the tug owners as the plaintiff admitted he was not on the tug at the time of the accident and did not allege that he was performing a function traditionally performed by the crew members of the tug or was acting in any way as a crew member of the tug.

In his amended complaint, plaintiff alleges in paragraph 18 as follows:

"18. At the time and place hereinafter mentioned, the plaintiff was acting as a member of the crew of the vessel EUGENIA MORAN and was performing crew member's duties in the service of said vessel."

The question then is whether this is a sufficient allegation to overcome a Rule 12(b)(6) motion to dismiss, and if it is, whether the facts developed in pretrial discovery indicate that summary judgment should be granted on this issue.

First, it is well settled that a shipowner may be liable for unseaworthiness because of the incompetence of his employees and not just defects in the ship itself. *Keen v. Overseas Tankship Corp.,* 194 F.2d 515 (2d Cir.), *cert. denied,* 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363 (1952); *Boudoin v. Lykes Bros. S.S. Co.,* 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955). It is also clear that an owner may be liable for unseaworthiness to those "doing a seaman's work and incurring a seaman's hazards, although not in the employ of the owner of the vessel." *Imperial Oil, Ltd. v. Drlik,* 234 F.2d 4, 8 (6th Cir.), *cert. denied,* 352 U.S. 941, 77 S.Ct. 261, 1 L.Ed.2d 236. The test for the limits of unseaworthiness is whether the work is of a kind that the crew traditionally does. *Seas Shipping Co. v. Sierocki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); *United N.Y. & N.J. Sandy Hook Pilots Ass'n v. Halecki,* 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959).

The key problem here, however, is that the plaintiff was not injured on the vessel he claims was unseaworthy. Rather he says that the tug EUGENIA MORAN was unseaworthy because her captain was incompetent and thus injured him while he was on the barge. The Second Circuit has discussed this problem without deciding it in the case of *Williams v. Pennsylvania Railroad Company,* 313 F.2d 203, 207 n.3 (2d Cir. 1963). Thus the leading cases in this area are the two *Flanagan* cases, *Flanagan*

 

*v. H. F. Gilligan,* 170 F.Supp. 793 (S.D.N.Y. 1958), 170 F.Supp. 217 (S.D.N.Y.1959).

In the *Flanagan* cases the plaintiff was injured on a barge being towed by a tug. In the first *Flanagan* case, 170 F.Supp. 793, the Court dismissed the complaint on the ground plaintiff did not allege he was doing any "crew work" for the tug. In the second *Flanagan* case, 170 F.Supp. 217, the plaintiff had amended his complaint to allege that he was acting as a lookout for the tug. This, the Court held, brought him within the "crew work" limits of the unseaworthiness doctrine and as such met the burden of defeating the motion to dismiss.

As the plaintiff here alleges, he "was acting as a member of the crew of the EUGENIA MORAN," this would seem to be sufficient to overcome this 12(b)(6) motion. Of course, whether the plaintiff will be able to prove that allegation at trial is another question, but for the purposes of this motion we must assume it is true and so the motion to dismiss under Rule 12(b)(6) is denied.

The defendants also move for partial summary judgment as to the unseaworthiness claim on the grounds that there has been no evidence adduced in pretrial discovery or presented in opposition to this motion that shows that the plaintiff was in fact acting as a crew member of the EUGENIA MORAN. In essence, the defendants are arguing that the "handling of the barge's *own lines* is barge work, not tug work." (Defendants Memorandum p. 20, emphasis in original). The problem with this position is that the facts spelled out in defendants' own papers indicate that at the time plaintiff was injured on the barge he was in the process of helping a crew member of the tug cast. off the barge's lines. Apparently the plaintiff's claim is that he was under the direction of the tug's crew member who was coordinating their actions with the skipper of the tug by walkie talkie. It would seem at the very least that there is some evidence that plaintiff was doing crew work for the tug. As such it is sufficient to raise an issue of fact and overcome defendants' motions for summary judgment.

Therefore the defendants' motions must be and the same hereby are denied.

SO ORDERED.